# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DAVID SULLIVAN, DARLENE ROBERTSON, and CHARLES CUMMINS, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| METRO KNOXVILLE HMA, LLC, d/b/a TENNOVA HEALTHCARE | ) ) ) | COLLECTIVE ACTION |
| Defendant. | ) ) ) ) | JURY DEMANDED |

## COMPLAINT

Come now David Sullivan, Darlene Robertson, and Charles Cummins, on their own behalf and on behalf of all others similarly situated, by and through counsel, and sue Defendant Metro Knoxville HMA, LLC d/b/a Tennova Healthcare ("Defendant"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff David Sullivan is an adult citizen and resident of Maryville, Blount County, Tennessee.

2. Plaintiff Darlene Robertson is an adult citizen and resident of Louisville, Blount County, Tennessee.

3. Plaintiff Charles Cummins is an adult citizen and resident of Knoxville, Knox County, Tennessee.

4. Defendant is a Director-Managed LLC with its principal place of business located at 4000 Meridian Blvd., Franklin, Tennessee 37067-6325.

5. Defendant is a healthcare provider with numerous hospitals and treatment facilities located throughout eastern and central Tennessee. Among these are North Knoxville

1

Medical Center located in Powell, Tennessee, and Turkey Creek Medical Center located in Knoxville, Tennessee.

6. This case arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C § 623. Plaintiffs seek to maintain the case as a collective action pursuant to 29 U.S.C. § 216(b).

7. This Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331

8. Venue is proper pursuant to, inter *alia*, 28 U.S.C. § 1391.

9. Plaintiffs timely filed with the EEOC charges of age discrimination and received their Notice of Rights on August 10, 2022. Plaintiffs bring this suit within the prescribed period.

10. Each Plaintiff has given his or her consent to proceed collectively in this action, and such consent is being filed with the Court.

### **FACTS COMMON TO EACH PLAINTIFF**

11. Plaintiffs incorporate the above averments.

12. The named Plaintiffs and members of the putative class (collectively "Plaintiffs") are approximately twelve (12) of the approximately thirty-three (33) employees Defendant employed in its IT Department. Defendant's IT employees serviced several of Defendant's locations.

13. On or about October 1, 2021, Defendant terminated thirteen (13) employees of its IT Department. At least eleven of the thirteen terminated employees were in their fifties or sixties. These eleven or twelve are the named and putative Plaintiffs in this action.

14. At least one terminated employee overheard Kevin Myers, Defendant's Senior Director of Information Technology, state that Defendant "had enough old [IT] employees." Plaintiffs believe and therefore aver that Myers had decisionmaking authority with respect to

2

Case 3:22-cv-00392-DCLC-JEM   Document 1   Filed 11/07/22   Page 2 of 6   PageID #: 2

the employees selected for termination, or alternatively, had meaningful input into such selection.

15. The remaining employees who Defendant chose not to terminate are substantially younger than Plaintiffs; most are under forty (40) years of age.

16. One or more named Plaintiffs are similarly situated to the putative plaintiffs they purport to represent. Among the similarities are: (1) each was fired in accordance with Senior Director of Information Technology Myers's determination that Defendant "had enough old employees;" (2) each worked in Defendant's relatively small IT Department, estimated to comprise approximately thirty-three employees prior to Plaintiffs' terminations; (3) each had the same or similar chain of command extending to Director Myers; and (4) each was fired on or about October 1, 2021.

**FACTS SPECIFIC TO DAVID SULLIVAN**

17. Mr. Sullivan was approximately sixty-eight (68) years old at the time Defendant fired him.

18. Mr. Sullivan began his employment with Defendant on or around July 2006.

19. Mr. Sullivan was primarily assigned to the North Knoxville Medical Center at the time of his termination; however, he traveled to multiple of Defendant's locations as needed.

20. Mr. Sullivan was meeting Defendant's legitimate expectations with respect to his job.

21. Mr. Sullivan was a System Analysist at the time of his termination.

**FACTS SPECIFIC TO CHARLES CUMMINS**

22. Mr. Cummins was approximately sixty-eight years old (68) at the time Defendant fired him.

23. Mr. Cummins began his employment with Defendant in 1999.

24. Mr. Cummins was a Help Desk Technician as of the date of his termination and performed his duties at several of Defendant's locations.

25. Mr. Cummins was meeting Defendant's legitimate expectations with respect to his job.

## FACTS SPECIFIC TO DARLENE ROBERTSON

26. Ms. Robertson was approximately sixty-nine (69) years old at the time of her termination.

27. Ms. Robertson began working for Defendant in April 1977.

28. Defendant assigned Ms. Robertson to work primarily at its North Knoxville Medical Center facility as of the date of her termination.

29. Ms. Roberts was a Network Administrator at the time of her termination and was meeting Defendant's legitimate expectations with respect to her job.

## CAUSE OF ACTION

## AGE DISCRIMINATION

30. Plaintiffs incorporate by reference the averments set forth above.

31. The ADEA prohibits an employer from discriminating against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C. § 623(a)(1).

32. Defendant willfully discriminated against the named and putative Plaintiffs when it selected them for termination on the basis of their age while choosing to keep the substantially younger IT employees, most of whom had less experience and seniority than Plaintiffs.

33. As shown by, *inter alia*, the comment by Senior Director of Information Technology Kevin Myers that he "had enough old employees," Defendant's action toward each Plaintiff was due to his or her membership in a protected class, i.e., age.

34. Indeed, of the thirteen IT employees Defendant terminated on or about October 1, 2021, at least eleven and possibly twelve were over the age of fifty (50), and most of the employees Defendant chose to retain were under the age of forty (40) or substantially younger than Plaintiffs.

35. As an additional or alternative basis for establishing Defendant's violation of the ADEA, Plaintiffs cite this significant statistical disparity as evidence of Defendant's systemic disparate treatment of the IT employees who were over the age of forty (40).

## DAMAGES

36. As a direct and proximate result of Defendant's willfully discriminatory behavior, named Plaintiffs and those similarly situated to them have suffered and will continue to suffer lost wages and benefits (including contributions to public benefit programs such as Social Security), loss of earning capacity, loss of future income, and other benefits and privileges of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs David Sullivan, Darlene Robertson, and Charles Cummins, individually and behalf of similarly situated putative plaintiffs, respectfully pray for the following relief:

1. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b).

2. A judgment that Defendant violated the ADEA with respect to each Plaintiff and that such violation was willful;

3. A jury be empaneled to serve as the trier of fact;

4. An award of all damages to which the ADEA entitles Plaintiffs, including back pay, non-wage economic costs and losses, reinstatement or front pay, post-judgment interest, and liquidated damages;

5. An award of reasonable attorneys' fees and costs; and

6. An award of all such other legal and equitable relief to which Plaintiffs are shown to be entitled under the facts of this case.

RESPECTFULLY SUBMITTED,

*s/ Jesse D. Nelson*
JESSE D. NELSON (BPR # 025602)
CLINT J. COLEMAN (BPR # 038413)
GINA M. MODICA (BPR # 037600)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com
clint@NLGattorneys.com
gina@nlgattorneys.com

*Attorneys for Plaintiffs and Putative Class*